UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY DEANNE BERG,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-08-0340-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 16, 21.) Attorney Rebecca Coufal represents Mary D. Berg (Plaintiff); Special Assistant United States Attorney Kathryn Miller represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff filed for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. § 401-34, on November 23, 2005. (Tr. 56-59.) She alleged disability due to "severe pain, chronic earaches, exhaustion, balance, breathing problems, reaction to field burning . . . [and] chemical sensitivity," with an onset date of May 1, 1992. (Tr. 56, 87.) Her

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

claim was denied initially and on reconsideration. (Tr. 37-40.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 6, 2007, before ALJ Paul Gaughen. (Tr. 279-302.) Plaintiff, who was not represented by counsel and who declined to seek representation on the record, testified; lay witness Thomas Elder also testified. (Tr. 280.) The ALJ denied benefits on January 23, 2008, and the Appeals Council denied review. (Tr. 11-17, 2-4.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 54 years old. She has a high-school education and several years of college, during which she studied business and marketing. (Tr. 287.) Plaintiff has past work experience as a lighting designer and consultant and in accounting. (Tr. 288.) She stated she has been unable to work since 1992 because she tires easily, she cannot wake up, she is in pain most of the time and falls and hurts herself badly due to vertigo. (Tr. 291.) She testified she almost died two times because of the field burning. (Tr. 293.) She also stated that her treatment records from Group Health medical center covering her alleged period of disability were missing, and that she was informed by a Group Health employee that the records "no longer exist." *Id*.

## ADMINISTRATIVE DECISION

ALJ Gaughen first found Plaintiff met the insured status requirements for DIB, and she was insured through June 30, 1998.

(Tr. 11.) At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 13.) At step two, he found that before Plaintiff's insured status expired she had the following medical conditions: "complaints of ear problems/bilateral recurrent otalgia of unclear etiology." (*Id*.) He then found the medical evidence indicated after her insured status expired, she had problems with rhinitis and temporomandibular joint (TMJ) dysfunction, she was prescribed antidepressants in May 1999, and treated for a right ankle fracture in August 2000. (Tr. 13-14.) The ALJ then found Plaintiff did not have a severe impairment or combination of impairments prior to the expiration of her insured status that significantly limited her ability to perform basic work-related activities for 12 consecutive months. (*Id*.) He found Plaintiff's statements regarding her impairments, limitations and symptoms during her insured status period were not credible. (Tr. 17.)  He also found the testimony of her friend, Mr. Elder, and letters from friends were "significantly after" Plaintiff's insured status and not supported by medical records relating to the insured period. (Tr. 17.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1 | detailed objective medical reports of h[is] condition from
2 | licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) found no severe impairment at step two; (2) failed to develop the record; (3) inadequately assessed her credibility; and (4) failed to consider lay testimony properly. (Ct. Rec. 17 at 8-15.)

**DISCUSSION**

**A.   Step Two: Burden of Proof**

At step two of the sequential evaluation, the claimant has the burden to present evidence sufficient to establish a "severe"

impairment, *i.e.,* one that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 404.1508, .1528.

For purposes of step two, an impairment must result from "anatomical, physiological or psychological abnormalities" which can be shown by "medically acceptable clinical and laboratory diagnostic techniques."   20 C.F.R. § 404.1528.  However, the fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security Regulations (Regulations).  *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  Significantly, the Regulations provide a claimant must present evidence that her severe impairment will result in death or meets the "duration requirement," that is, it is expected to last for a continuous period of at least twelve months.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509.  Thus, if the Commissioner finds the claimant does not have a severe medically determinable physical or mental impairment that meets the duration requirement, a finding of not disabled is warranted at step two, and the sequential evaluation is ended.

The Commissioner has passed regulations which guide dismissal of claims at step two.  Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a

slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Social Security Ruling (SSR)* 85-28.[1]  "Medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." *Id*.  Thus, in determining whether a claimant has a severe impairment, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record.

**1.   Credibility Findings at Step Two**

Plaintiff argues the ALJ did not provide an adequate basis for his credibility findings, and remand is necessary for development of the record, as well as a proper credibility evaluation. (Ct. Rec. 17 at 14-15.)

Although medical evidence alone is considered at step two, a claimant's credibility may be a factor considered at step two if a claimant's allegations regarding symptoms conflict significantly with the medical evidence. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  Nonetheless, regardless of a claimant's credibility, and how many symptoms are alleged (or how genuine the

---

[1] Social Security Rulings are issued to clarify the Commissioner's regulations and policy.  They are not published in the federal register and do not have the force of law.  However, "deference" is given to the Commissioner's interpretation of its regulations.  *Bunnell v. Sullivan*, 947 F.2d 341, at 346 n.3 (9th Cir. 1991).  The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

complaints may be), "the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities." *Ukolov v. Barnhart,* 420 F.3d 1002, 1005 (9th Cir. 2001)*(quoting SSR 96-4p).*

Further, it is well-settled that, "[a]n ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423 (d)(5)(A)." *Fair*, 885 F.2d at 603. As recognized by the Ninth Circuit, even when medical evidence of a condition that would reasonably be expected to cause pain or other symptoms is presented, many medical conditions produce symptoms not severe enough to preclude gainful employment. *Id*. When the ALJ finds a claimant's statements as to the severity of impairments, pain and limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)*; Bunnell*, 947 F.2d at 345-46. Once an impairment that would reasonably be expected to cause a symptom is established, an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence. *SSR* 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a

claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Here, Plaintiff did not meet this first step.

As found by the ALJ, and discussed below, the medical evidence relative to Plaintiff's insured status period (prior to June 1998), does not establish a severe impairment. (Tr. 16.) The record shows Plaintiff saw Group Health treatment providers with intermittent complaints of ear infections and ear pain, which were treated successfully with antibiotics and pain relievers. Specialist examinations after the expiration of her insured status revealed no abnormalities and no follow-up treatment is documented in later records.

Nonetheless, the ALJ proceeded to the second step and assessed Plaintiff's subjective complaints and allegations. He found Plaintiff's allegations of disability were inconsistent with the medical evidence and presented several reasons for giving Plaintiff's testimony little weight. (Tr. 16.) Specifically, he found her statements were unsupported by medical evidence in the record that related to her insured status period, that objective imaging from the relevant time showed only minor problems relating to her ears and sinuses, she was on no medication, and her assertion that she "almost died," was not referenced in any of the Group

1  Health records, during or after her insured status expired. (Tr.
2  16-17.) Additional inconsistencies noted were Plaintiff's
3  consideration of a face lift in 2002, at which time she indicated
4  she was taking no prescription drugs and her general health was
5  "excellent." (Tr. 165.) The ALJ also cited Plaintiff's failure to
6  apply for DIB until 2005, over 10 years after her alleged onset date
7  and inability to work, as inconsistent with her claim of disability.
8  (Tr. 16-17.) These are "clear and convincing" reasons to discount
9  Plaintiff's unsupported subjective statements. Even if the ALJ did
10 not adequately address Plaintiff's subjective complaints in his
11 decision, any failure to do so does not affect the outcome of this
12 case because, as discussed above, her statements alone are
13 insufficient to establish a severe impairment at step two. *Ukolov*,
14 420 F.3d at 1007.

### 2. Medical Evidence Presented

At step two, the ALJ considers opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. § 404.1527. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In evaluating the evidence, the ALJ must provide "clear and convincing" reasons for rejecting uncontradicted opinions of treating or

examining physicians; if the opinion is contradicted, it can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Lester*, 81 F.3d at 830; *Andrews,* 53 F.3d at 1043.

Here, the ALJ thoroughly summarized treatment notes, imaging reports and letters from Group Health treatment providers, and referred specialists dated from 1997 through 1999, as well as later records. He noted that treating providers documented complaints of ear problems with recurrent otalgia "of unclear etiology." (Tr. 13, 148-63.) The ALJ did not reject any of the acceptable medical source opinions in the record. The ALJ found that after Plaintiff's insured period expired, treatment notes from Spokane Pediatric and Adult Allergy and Asthma clinic found no allergic component to her symptoms, and a CT scan in October 1998, revealed no evidence of sinusitis to explain her complaints. Finally, as found by the ALJ, Plaintiff presented evidence of intermittent complaints of ear pain and infection, which improved with treatment, and there was no further mention of the ear problems after 1999. (Tr. 14; *see also* Tr. 154-63.) The ALJ reasonably concluded that there was "simply no evidence that the claimant had had a severe impairment/diagnosis of record that meets the durational requirement prior to the expiration of her insured status." (*Id.*) The ALJ did not err in his evaluation of the medical evidence presented.

As discussed above, the burden of proof is on Plaintiff to produce evidence of a medically determinable impairment that meets the Act's duration requirement. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509. The ALJ's finding of no severe impairment that met the

duration requirement is supported by substantial evidence.

### 3. Duty to Develop the Medical Record

Plaintiff asserts that the ALJ should have ordered consultative examinations and made an effort to find additional evidence for that time. She argues because she was not represented by counsel, the ALJ had a heightened duty to develop the record. (Ct. Rec. 16 at 10-11.)

An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The AlJ is only required to seek additional evidence to resolve ambiguity or conflict if the evidence already present consistently favors the claimant. *Lewis v. Apfel*, 236 F.3d 503, 514-15 (9th Cir. 2001). Plaintiff is correct that, where Plaintiff is not represented by counsel, the adjudicator's duty is heightened; the ALJ is obliged to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts" and be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (*citing Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)). However, the claimant must show prejudice or unfairness in the proceedings to be entitled to a remand. *Hall v. Secretary of Health, Ed. and Welfare*, 602 F.2d 1372 (9th Cir. 1979).

An independent review of the hearing transcript and medical record indicates the ALJ was diligent in his attempts to (1) inform Plaintiff of her right to counsel (Tr. 282-84), and (2) uncover all

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

possible sources of medical evidence that would assist him in evaluating Plaintiff's medical condition between 1992 and 1998, her insured status period. (Tr. 282, 293, 299-300.) At the hearing, in response to ALJ Gaughen's inquiry, Plaintiff reported several times that she had attempted to get records from Group Health, and they informed her records from 1997 were missing. (Tr. 294.) When asked by the ALJ if there were other providers he could contact, she replied she did not think anything else was available. (Tr. 294.) Given the fact that Group Health had responded to requests for records (*see, e.g.,* Tr. 147-62), and no other providers were identified by Plaintiff when asked at the hearing, the ALJ met his duty to scrupulously inquire about additional records.

Plaintiff also suggests the ALJ should have contacted some other "treatment" providers found on a handwritten list in the transcript. (Ct. Rec. 17 at 11; Tr. 179.) She does not identify which names are acceptable medical sources who have relevant information. This non-specific, conclusory assertion is insufficient to support an argument that the ALJ failed to adequately develop the record. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The ALJ met his duty to inquire and was diligent in efforts to seek additional evidence.

Plaintiff next contends that new consultative examinations could establish possible physical and mental impairments and, thus, should have been ordered. (Ct. Rec. 17 at 12.) This speculative argument fails. The record shows Plaintiff was referred by Group Health Cooperative to Dr. Benage, ENT specialist, and Dr. Kernerman, D.O, of the Allergy and Asthma clinic, for evaluations in September

GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

and October 1998. (Tr. 202-06.) Although Dr. Benage suspected rhinitis and TMJ in September 1998, there is no evidence in later records that the suspected conditions met the severity or duration requirements of the Act during Plaintiff's insured status period. As found by the ALJ, later records do not indicate Plaintiff was treated for either condition. (Tr. 14.) Plaintiff's suggestion that consultative examinations almost ten years after her date of last insured would be probative in this matter is without merit. Because the record indicates neither a possible favorable outcome for Plaintiff nor ambiguity in the evidence before the ALJ, further development of the record was not required. *Mayes*, 276 F.3d at 459-60; *Lewis*, 236 F.3d at 514-15.

**4.   Non-Medical "Other Source" Opinions**

Plaintiff argues remand is necessary for proper consideration of the testimony and statements from third-parties submitted in her case. (Ct. Rec. 17 at 14-15.) Citing a recent Ninth Circuit case, *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009), Plaintiff argues the ALJ's reasoning that the statements of her friends and past employers were not supported by medical evidence is error requiring remand. (*Id.;* Tr. 17.)

Although the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work," *Sprague*, 812 F.2d at 1232, at step two when the ALJ determines whether a claimant has a medically determinable impairment, the effects of symptoms are not probative unless an impairment meeting the duration requirement is established by medical evidence. *SSR* 85-28. Information from "other [non-medical]

sources," such as parents, caregivers, siblings, friends and employers, can neither establish the existence of a medically determinable impairment, nor establish disability absent corroborating competent medical evidence. 20 C.F.R. § 404.1513(d); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *SSR* 06-03p. Further, when assessing a medical diagnosis, it is appropriate "to discount lay testimony that conflicts with available medical evidence." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*citing* 42 U.S.C. § 423(d)(3)) (medically acceptable diagnostic techniques required to establish a disability). Thus, while lay witness opinions are appropriately considered when assessing an individual's symptoms and ability to perform work tasks, they are not probative at step two when medical evidence only is evaluated to discern diagnoses and whether the claimant has medically determinable impairments that meet the duration requirement. *Nguyen,* 100 F.3d 1462.

Here, the ALJ summarized Mr. Elder's testimony (Tr. 16, 296-99), commented on the third-party statements written between 2002 and 2006, (Tr. 103-10), and referenced a letter from Plaintiff's former employer, Robert Smith, written in October 1994.[2] (Tr. 16, 17.) It does not appear the ALJ rejected Mr. Elder's testimony that

---

[2] Mr. Smith reported Plaintiff was in a car accident and had missed work frequently after that due to headaches and ear aches. (Tr. 277.) Although the ALJ noted the signature was a "stamped signature," he did not reject the information provided in this letter. Mr. Smith's observations cannot establish a medically determinable impairment.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

he lived next door to Plaintiff in 1997-1998, helped take care of her, witnessed her deterioration and inability to stay on her feet for very long, and that she had a history of a broken ankle that required surgery. (Tr. 16.) Further, the ALJ accurately noted the third-party statements were written significantly after Plaintiff's insured status, and were not supported by her medical records. (Tr. 17.) To the extent the lay witness statements and testimony were submitted to support a diagnosis of a medically determinable impairment at step two, they were neither probative nor significant; therefore, the ALJ was not required to supply reasons for rejecting them.[3] *SSR* 06-03p. Because the ALJ found Plaintiff not disabled at step two, he did not proceed to assess her ability to perform basic work activities, at which point the lay witness statements would have been probative.

---

[3] The case before this court is distinguishable from *Bruce v. Astrue*, cited by Plaintiff. In *Bruce*, the ALJ failed to give reasons for rejecting the claimant's spouse's credible testimony when making his residual functional capacity findings at step four. *Bruce*, 557 F.3d at 115-16. The court held, "The ALJ was required to consider and comment upon competent lay testimony, <u>as it concerned how Bruce's impairments impact his ability to work</u>." *Id*. (Emphasis added.) Here, the ALJ was concerned with whether a medically determinable severe impairment existed during Plaintiff's period of insured status. The observations of non-medical third parties were neither significant nor probative at step two; therefore, a detailed explanation of the weight given these opinions was not required. *See SSR* 06-03p.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

The ALJ rationally interpreted the evidence to conclude that Plaintiff did not meet her burden at step two. The record in its entirety supports the ALJ's finding that Plaintiff failed to present medical evidence of an impairment that significantly limited her ability to work for 12 consecutive months. Plaintiff's statements alone cannot establish a medically determinable impairment or disability. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be closed and judgment entered for Defendant.

DATED October 14, 2009.

                    S/ CYNTHIA IMBROGNO
               UNITED STATES MAGISTRATE JUDGE